IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

     Plaintiff-Appellee,

v.                                                                                                    NO. 29,264

BRENDAN JAMES,

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     Defendant is appealing from a district court judgment and sentence entered after a jury found Defendant guilty of second degree murder. We issued a calendar notice proposing to affirm, and Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to argue that the district court erred in refusing Defendant's tendered jury instruction [RP 208] on voluntary manslaughter. A defendant is entitled to jury instructions on his theory of the case if there is evidence to support the instruction. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. "In order to obtain an instruction on a lesser included offense, [t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (alteration in original) (internal quotation marks and citation omitted).

The evidence presented in this case was that Defendant, Victim, and two other men were driving around the Gallup area on the evening of the incident, smoking marijuana and drinking beer. [MIO 1-2; DS 2] The shooting took place at the apartment complex of a friend. [MIO 2-3] The memorandum in opposition describes the shooting as follows: "As [Victim] came down the stairs of the apartment, [Defendant] jumped from the rear passenger side of the car and ran toward [Victim] suddenly pointing a gun at him and fired from a few inches away into his cheek area." [MIO 3] There was no indication that there had been any disagreements, fights, or arguments amongst the four men. [MIO 2] Defendant testified that Victim always carried a knife and was prone to blackouts and violence when he was under the influence. [MIO 3] Defendant further testified that when he approached, Victim grabbed Defendant's shirt with his right hand and struck him on the forehead with his left hand. [MIO 3]

In order to support a voluntary manslaughter instruction, the evidence would have to support a jury finding that Defendant had been sufficiently provoked. *See* UJI 14-220 NMRA. Sufficient provocation is defined as "any action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions." UJI 14-222 NMRA. "The provocation must be such as would affect the ability to reason and to cause a temporary loss of self control in an ordinary person of average disposition." *Id.*

Defendant relied on the testimony of Dr. Zumwalt to support sufficient provocation. Dr. Zumwalt testified that there was soot from the gun on Victim's arm, and that he could not say with any medical certainty whether Victim's arm had been raised in a defensive manner or an aggressive manner. [MIO 3; DS 3] Although there is evidence (Defendant's testimony and an inference from Zumwalt's testimony) that Victim might have struck Defendant with his hand, we do not believe that it would be rational for a jury to determine that the acts of Victim constituted sufficient provocation to be shot. Therefore, even if we rely on evidence that Victim was the initial aggressor [MIO 8-9], it was not "such as would affect the ability to reason and to cause a temporary loss of self control in an ordinary person of average disposition." UJI 14-222. *See State v. Stills*, 1998-NMSC-009, ¶¶ 12, 40, 125 N.M. 66, 957 P.2d 51(evidence that the victim pushed the defendant and threatened to have him killed was insufficient to require voluntary manslaughter instruction).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____

**CYNTHIA A. FRY, Chief Judge**


_____

**MICHAEL E. VIGIL, Judge**